IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LOUIS ENENSTEIN,  )
 )
       Plaintiff,  )
 )
v.  )  No. 06 C 627
 )
EAGLE INSURANCE AGENCY, INC.,  )
ET AL.  )
 )
       Defendants.  )

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, we deny the motion to dismiss.

## BACKGROUND

Plaintiff Louis Enenstein ("Enenstein") alleges that from September 2003 to January 2004, he was employed as an accountant for Defendant Eagle Insurance Agency, Inc. ("Eagle"). Eagle allegedly provides its employees with the Eagle Insurance Agency Group Health Plan ("Plan"), which is provided through Humana Health Insurance Company ("Humana") and is administered by Defendant Robert Gainsberg ("Gainsberg"). Enenstein asserts that after his employment with Eagle

1

ended, Eagle and Gainsberg failed to notify Enenstein that he was qualified for continued insurance coverage under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161 *et seq*. Enenstein also alleges that Eagle and Gainsberg falsely notified Humana that Enenstein was not eligible for COBRA benefits.

According to Enenstein, the "Illinois Division of Insurance" ("Division") investigated his complaint and documented the alleged false statements that Eagle and Gainsberg made to Humana concerning Enenstein's right to continued insurance coverage. (Compl. Par. 9). Enenstein states that after the Division's investigation, Defendants agreed to represent to Humana that Enenstein was entitled to continued insurance coverage. Enenstein contends that Eagle and Gainsberg were required to have informed Humana of Enenstein's correct insurance status a year earlier than when they chose to do so. Enenstein brought the instant action and includes in his complaint claims alleging that Eagle and Gainsberg violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 *et seq*., and COBRA. Defendants move to dismiss this action.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint.

2

*Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail . . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief"). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998); *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action . . . .'" *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating also that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled "must provide the defendant with at least minimal notice of the claim," *id.*, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to

narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

Defendants argue that Enenstein did not bring the instant action within the statute of limitations period for a claim alleging a violation of COBRA. Defendants also argue that Enenstein lacks standing to bring an ERISA claim because he is not a participant or beneficiary of the Plan. Finally, Defendants argue that the court must dismiss the ERISA claims because Enenstein has not named the Plan as a Defendant in this action.

I. COBRA Statute of Limitations

Defendants argue that Enenstein did not bring his COBRA claims within the applicable statute of limitations period. Defendants argue that since COBRA does not contain any specific statute of limitations provision, the court should adopt the two-year statute of limitations period applied under Illinois law to claims brought against insurance providers. (Mot. 3). A plaintiff is not required to anticipate and respond to "an affirmative defense, such as the statute of limitations, in his complaint," *Clark v. City of Braidwood*, 318 F.3d 764, 767-68 (7th Cir. 2003), but a

4

plaintiff "can plead himself out of court if he alleges facts that affirmatively show that his suit is time-barred . . . ." *Id.*; *see also United States v. Lewis*, 411 F.3d 838, 842 (7th Cir. 2005)(stating that a plaintiff can plead himself out of court on the basis of a statute of limitations bar "where . . . the allegations of the complaint itself set forth everything necessary to satisfy the affirmative defense, such as when a complaint plainly reveals that an action is untimely under the governing statute of limitations"); *Leavell v. Kieffer*, 189 F.3d 492, 494-95 (7th Cir. 1999)(stating that "[t]he statute of limitations is an affirmative defense [and that] [c]omplaints need not anticipate or plead around affirmative defenses" and stating that "there is no problem under Rule 12(b)(6)").

In the instant action, Enenstein alleges that his employment was terminated on January 16, 2004. (Compl. Par. 1). The instant action was filed on February 2, 2006. Defendants argue that since the action was filed more than two years after Enenstein's termination, his COBRA claims are untimely. However, even if the applicable statute of limitations is two years, Defendants have failed to show that Enenstein's COBRA claims are untimely. Defendants have improperly presumed that the statute of limitations period would run from the date of the termination of Enenstein's employment.

Unless Congress has specified to the contrary, the accrual of statute of limitations for a violation of federal law is governed by the federal common law "discovery rule," which provides that the limitations period begins to run "not [always on] the date on which the wrong that injures the plaintiff occurs, . . . but

5

sometimes" on a later date "on which the plaintiff discovers that he has been injured." *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-52 (7th Cir. 1990); *see also In re Copper Antitrust Litigation*, 436 F.3d 782, 789 (7th Cir. 2006)(stating that "in the absence of a contrary directive from Congress" a statute of limitations period is governed by the "discovery rule, which 'postpones the beginning of the limitations period from the date when the plaintiff is wronged to the date when he discovers he has been injured'")(quoting *Cada,* 920 F.2d at 450)).

In the instant action, Enenstein does not allege any specific facts that affirmatively show when he had notice of Defendants' alleged violations of COBRA and, for the purposes of the instant motion, we are required to construe the pleadings in favor of Enenstein. *Thompson*, 300 F.3d at 753. To the extent that Defendants seek to engage in a factual inquiry concerning when Enenstein had notice of Defendants' alleged misconduct, Defendants' arguments are premature.

The issue of whether an analysis based on the discovery rule is appropriate at the pleadings stage was also addressed in *Clark v. City of Braidwood*, 318 F.3d 764 (7th Cir. 2003). In *Clark*, the Court reviewed a district court's ruling granting a defendant's motion to dismiss in which the defendant argued that the plaintiff's claims were barred by the statute of limitations. *Id.* at 766. The complaint in *Clark* did not specify a date when the plaintiff discovered that he was wronged and thus did not indicate when the statute of limitations accrued under the discovery rule. *Id.* at 767-78. The Seventh Circuit reversed the district court, ruling that in the absence of pleadings that definitively indicated when the plaintiff discovered he was wronged,

the statute of limitations issue should have not been addressed until the dispositive motions stage. *Id.* The court in *Clark* stated that the arguments in the defendant's motion to dismiss were "premature." *Id.* at 768. Thus, in the instant action, it is likewise premature to engage in a factual inquiry concerning when Enenstein discovered he was wronged by Defendants.

We also note that Enenstein specifically alleges in his complaint that he did not receive proper notice of a "qualifying event" under COBRA until over a year after his termination, and that on February 5, 2004, Defendants falsely informed Humana that Enenstein was not eligible for continued coverage under COBRA. (Compl. Par. 8, 9). If the statute of limitations period began to run on either of those dates, which could be the date of the discovery of wrongdoing by Enenstein, the instant action would be timely. Therefore, we deny Defendants' motion to dismiss the COBRA claims to the extent that the motion is based upon the statute of limitations bar.

II. Standing

Defendants argue that Enenstein lacks standing to bring the instant action because he is not a participant or beneficiary of the Plan. Under 29 U.S.C. § 1132(a), a "participant" or a "beneficiary" in a benefits plan may bring an action to recover benefits. 29 U.S.C. § 1132(a). Defendants argue that Enenstein is neither a beneficiary nor a participant of the Plan. Enenstein concedes that he is not a beneficiary, but argues that he is a participant.

The term participant has been interpreted to include "someone who claims to

7

be a participant . . . ." *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 116-17 (1989)(quoting *Bruch v. Firestone Tire and Rubber Co.*, 828 F.2d 134, 143 (3rd Cir. 1987)). More specifically, a participant includes "either 'employees in, or reasonably expected to be in, currently covered employment,' . . . or former employees who 'have . . . a reasonable expectation of returning to covered employment' or who have 'a colorable claim' to vested benefits . . . ." *Id.* (quoting in part *Saladino v. I.L.G.W.U. National Retirement Fund,* 754 F.2d 473, 476 (2nd Cir. 1985) and *Kuntz v. Reese,* 785 F.2d 1410, 1411 (9th Cir. 1986)).

In the instant action, Enenstein alleges that Defendants simply failed to follow certain notification requirements under COBRA and ERISA. Enenstein alleges that after the Division's investigation, Defendants realized their mistake and agreed that Enenstein had been entitled to benefits. It can be reasonably inferred from the pleadings, when making inferences in favor of Enenstein, that Defendants do not dispute that Enenstein was entitled to coverage under the Plan and COBRA. Therefore, based on the allegations before us, we cannot find that Enenstein did not have a colorable claim to vested benefits and Defendants' arguments concerning standing are thus premature. Therefore, we deny Defendants' motion to dismiss to the extent that it is based on a lack of standing.

III. Proper Defendant

Defendants argue that Enenstein has not named the proper defendant in this action. Generally, when a plaintiff sues to recover benefits under ERISA, the plaintiff is required to name the benefits plan as the defendant. However, a plaintiff

may also name a party other than the plan as a defendant if that party is "closely intertwined" with the plan. *Mein v. Carus Corp.*, 241 F.3d 581, 584-86 (7th Cir. 2001); *see also Stein v. Unum Provident Ins. Co. of America*, 2005 WL 2338819, at *4 (N.D. Ill. 2005)(stating that generally a plaintiff bringing a claim for benefits under ERISA must name the benefits plan as the defendant, but that "an exception to the general rule exists when a plan and an employer are closely intertwined").

In the instant action, Enenstein has not alleged any facts that show that Defendants are not closely connected to the Plan. It is premature at this juncture, when we are merely reviewing whether the allegations in the complaint state a valid claim, to engage into an evidentiary inquiry concerning the Defendants' relationship to the Plan. Therefore, we deny Defendants' motion to dismiss to the extent that it is based upon a failure to name the proper defendant.

## CONCLUSION

Based on the foregoing analysis, we deny Defendants' motion to dismiss in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: June 7, 2006