IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOUIS ENENSTEIN, | ) |
| Plaintiff, | ) |
| v. | ) No. 06 C 627 |
| EAGLE INSURANCE AGENCY, INC., ET AL. | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Third-Party Defendant Humana, Inc.'s and Third-Party Defendant Humana Insurance Company's (collectively referred to as "Humana") motion to dismiss the third-party complaint. For the reasons stated below, we grant in part and deny in part the motion to dismiss.

## BACKGROUND

Plaintiff Louis Enenstein ("Enenstein") alleges that from September 2003 to January 2004, he was employed as an accountant for Defendant Eagle Insurance Agency, Inc. ("Eagle"). Eagle allegedly provides its employees with the Eagle

1

Insurance Agency Group Health Plan ("Plan"), which is provided through Humana and is administered by Defendant Robert Gainsberg ("Gainsberg"). Enenstein asserts that after his employment with Eagle ended, Eagle and Gainsberg failed to notify Enenstein that he was qualified for continued insurance coverage under the Consolidated Omnibus Budget Reconciliation Act ("COBRA"), 29 U.S.C. § 1161 *et seq*. Enenstein also alleges that Eagle and Gainsberg falsely notified Humana that Enenstein was not eligible for COBRA benefits.

According to Enenstein, the "Illinois Division of Insurance" ("Division") investigated his complaint and documented the alleged false statements that Eagle and Gainsberg made to Humana concerning Enenstein's right to continued insurance coverage. (Compl. Par. 9). Enenstein states that after the Division's investigation, Eagle and Gainsberg agreed to represent to Humana that Enenstein was entitled to continued insurance coverage. Enenstein contends that Eagle and Gainsberg were required to have informed Humana of Enenstein's correct insurance status a year earlier than when they chose to do so. Enenstein brought the instant action and includes in his complaint claims alleging that Eagle and Gainsberg violated the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132 *et seq.*, and COBRA.

On June 7, 2006, we denied Defendants' motion to dismiss. On June 27, 2006

Eagle and Gainsberg filed a third-party complaint against Humana contending that it was Humana's fault that the COBRA notifications and benefits issues were not handled correctly. Third-Party Plaintiffs allege that, pursuant to an agreement between Eagle and Humana, Humana acted as the fiduciary for ERISA claims review purposes and had the exclusive discretionary authority to make interpretations concerning the provisions of the Plan and resolve eligibility and coverage issues. Third-Party Plaintiffs claim that Enenstein completed an application for health benefits on December 30, 2003, and Eagle sent the application to Humana. According to Third-Party Plaintiffs, Eagle terminated Enenstein's employment before receiving a response from Humana concerning Enenstein's Plan coverage. Gainsberg contends that he then spoke with Tom McNeely ("McNeely"), an employee of Humana, who informed him that Enenstein was not entitled to coverage under the Plan or under COBRA. Third-Party Plaintiffs claim that Eagle refrained from sending a COBRA notification to Enenstein in January or February of 2004 because of McNeely's representations. According to Third-Party Plaintiffs in January 2005, Humana changed its position and informed Eagle that Enenstein was actually eligible for Plan coverage and instructed Eagle to provide COBRA notifications and Plan coverage to Enenstein. Eagle allegedly then provided Enenstein with notification and benefits. The third-party complaint includes an

ERISA breach of fiduciary duty claim (Count I), and an indemnification claim (Count II). Humana now moves to dismiss all claims in the third-party complaint.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein*, 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also Baker v. Kingsley*, 387 F.3d 649, 664 (7th Cir. 2004)(stating that although the "plaintiffs' allegations provide[d] little detail. . . [the court could not] say at [that] early stage in the litigation that plaintiffs [could] prove no set of facts in support of their claim that would entitle them to relief"). Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School*, 144 F.3d 448, 454-55 (7th Cir. 1998);

4

*Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Under the current notice pleading standard in federal courts, a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action . . . .'" *See Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1994)(stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver*, 286 F.3d 437, 439 (7th Cir. 2002); *Kyle*, 144 F.3d at 455. However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Kyle*, 144 F.3d at 455, and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins*, 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan*, 40 F.3d at 251; *Nance v. Vieregge*, 147 F.3d 589, 590 (7th Cir. 1998)(stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

## DISCUSSION

I. Claims Brought Against Humana, Inc.

Humana argues that the text of the Employer Group Application that is attached to the amended complaint shows that Humana Insurance Company is the only fiduciary for ERISA claims review. Humana contends that Humana, Inc. cannot therefore be held liable for a breach of a fiduciary duty or indemnification. Third-Party Plaintiffs do not contest Humana's position and "agree to dismiss Humana, Inc. from the lawsuit." (Ans. 3). Therefore, we grant Humana's motion to dismiss all claims brought against Humana, Inc.

## II. Breach of Fiduciary Duty Claim (Count I)

Third-Party Plaintiffs indicate that they seek reimbursement pursuant to 29 U.S.C. § 1109 ("Section 1109"), (TP Compl. Par. 31), and Humana argues that Third-Party Plaintiffs cannot recover individual relief under Section 1109. Section 1109 provides the following:

> (a) Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall *be personally liable to make good to such plan any losses to the plan resulting from each such breach*, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary. A fiduciary may also be removed for a violation of section 1111 of this title.

29 U.S.C. § 1109(a)(emphasis added). Section 1109 only provides a remedy for "the plan as an entity" and "does not allow for recovery by individual plan participants."

*Varity Corp. v. Howe*, 516 U.S. 489, 519 (1996)(quoting *Massachusetts Mut. Life Ins. Co. v. Russell*, 473 U.S. 134 (1985)). Humana argues that Third-Party Plaintiffs cannot seek a recovery under Section 1109 on behalf of themselves. Third-Party Plaintiffs consist of Eagle, the Defendant insurance agency that employed Enenstein, and Gainsberg, the Plan Administrator. Nothing in the third-party complaint indicates that either of the Third-Party Plaintiffs are Plan participants.

Third-Party Plaintiffs point out that, in the third-party complaint, they request that Humana "reimburse the Health Plan . . . for any damages the Health Plan sustains as a result of Humana's breach of fiduciary duty." (TP Compl. Par. 31). However, Third-Party Plaintiffs also request that Humana "reimburse" the Plan's "administrators for any damages" and admit that they are asking the court to "award[] [Third-Party] Plaintiff[s] damages." (TP Compl. Par. 31); (Ans. 4). Section 1109 specifically provides that a fiduciary of a plan shall "be personally liable to make good *to such plan* any losses to the plan resulting from each such breach . . . ." 29 U.S.C. § 1109(a)(emphasis added). Nothing in Section 1109 provides relief for administrators of plans or other third-parties and Third-Party Plaintiffs fail to cite any controlling precedent in which such relief was permitted. (Ans. 4). Although the Third-Party Plaintiffs attempt to use Section 1109 to obtain relief by stating that they are seeking "plan-wide relief," Third-Party Plaintiffs also

7

allege in their complaint that they are in fact seeking to recover damages themselves. (TP Compl. Par. 31); (Ans. 4).

Third-Party Plaintiffs also argue that "[i]f it is proper to sue entities closely related to the employee benefit plan for benefits that plan may owe, those same entities may bring a third-party action to collect plan-wide relief on behalf of the plan." (Ans. 4). However, the Third-Party Plaintiffs cite no controlling precedent in support of the statement. (Ans. 4). There is a general principle that usually a plaintiff can bring an ERISA suit to "recover benefits only against the plan as an entity. . . ." *Mein v. Carus Corp.*, 241 F.3d 581, 584-85 (7th Cir. 2001). An exception to that rule allows such suits to be brought against the employer corporation if the employer corporation is "closely intertwined" with the plan. *Id.* The exception is not applicable in this instance. As is indicated above, Third-Party Plaintiffs are attempting to recover individual damages for themselves in addition to the plan under Section 1109. Also, the above exception indicates that a participant can bring suit against a plan or a closely intertwined employer. The principle does not stand for the premise that an administrator or a closely intertwined employer can bring a suit against someone else. Third-Party Plaintiffs have not cited a single case in which the exception was employed in the manner that they now advocate and we conclude that the exception is not applicable in this instance. Therefore, we grant

Humana's motion to dismiss the breach of fiduciary duty claim (Count I). We note that in dismissing the claim we are not ruling on whether Defendants were a fiduciary.

III. Indemnity Claim (Count II)

Humana argues that Third-Party Plaintiffs cannot obtain indemnification from Humana pursuant to 29 U.S.C. § 1105 ("Section 1105"). Section 1105 provides the following:

> (a) Circumstances giving rise to liability
> In addition to any liability which he may have under any other provisions of this part, a fiduciary with respect to a plan shall be liable for a breach of fiduciary responsibility of another fiduciary with respect to the same plan in the following circumstances:
>> (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;
>> 
>> (2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or
>> 
>> (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

29 U.S.C. § 1105(a). In *Free v. Briody*, 732 F.2d 1331 (7th Cir. 1984) the Seventh Circuit recognized that a fiduciary could seek indemnification against a co-fiduciary under Section 1105. 732 F.2d at 1336-38. Humana argues that Third-Party

Plaintiffs cannot obtain such indemnification because this case is not like *Free*. In *Free*, a fiduciary who was found liable under ERISA for breaching its fiduciary duty sought indemnification from a co-fiduciary. 732 F.2d at 1333-34, 1336-38. Humana points out that in this case no breach of fiduciary duty claim is being brought against Third-Party Plaintiffs. Humana takes a quote from *Free* out of context when it argues that the Court in *Free* "allows a claim for indemnification against a co-fiduciary . . . 'within the limited circumstances of [that] case.'" (H. Mem. 6). The statement by Humana indicates that the Court in *Free* limited the scope of co-fiduciary indemnification to the facts of that case. However, the court in *Free* merely stated that "[a]n award of indemnification within the limited circumstances of th[at] case appear[ed] . . . to be properly within the court's equitable powers." 732 F.2d at 1337. The Court did not state that the scope of co-fiduciary indemnification was limited to the facts of that case. Rather, the Court applied the law to the facts of the case and provided general guidance regarding co-fiduciary indemnification stating that "ERISA grants the courts the power to shape an award so as to make the injured plan whole while at the same time apportioning the damages equitably between the wrongdoers." *Id.* Thus, this court has discretion to assess the facts and evidence and determine whether indemnification would be appropriate in this action. At this stage of the litigation we merely have the pleadings before us. There may be

facts and circumstances in this case not detailed in the pleadings which would warrant allowing the indemnification claim to proceed. The Court thus cannot find "at this early stage in the litigation that plaintiffs can prove no set of facts in support of their claim that would entitle them to relief." *Baker*, 387 F.3d at 664. We can assess whether indemnification would be appropriate at the summary judgment stage once we have a fuller picture of the case before us. Therefore, we deny Humana's motion to dismiss the indemnification claim (Count II).

## CONCLUSION

Based on the foregoing analysis, we grant Humana's motion to dismiss the breach of fiduciary duty claim (Count I) and deny Humana's motion to dismiss the indemnification claim (Count II). We also grant Humana's motion to dismiss all claims brought against Humana, Inc.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 8, 2006